UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

ROBERT PETERSON,

          Plaintiff,

    v.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

          Defendant.

Case No. 6:13-cv-1241-ST

OPINION AND ORDER

STEWART, Magistrate Judge:

## **INTRODUCTION**

Plaintiff, Robert Peterson ("Peterson"), seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. This court has jurisdiction under 42 USC § 405(g) and § 1383(c). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with FRCP 73 and 28 USC § 636(c) (docket #6). Because the Commissioner's decision is not supported by substantial evidence, the decision is reversed and remanded for the immediate payment of benefits.

1 – OPINION AND ORDER

## ADMINISTRATIVE HISTORY

Peterson filed applications for DIB and SSI in April 2010, alleging disability as of June 30, 2008, due to Asperger's disorder and transient global amnesia.  Tr. 206-13, 228.[1] After the Commissioner denied his applications initially and upon reconsideration, Peterson requested a hearing before an Administrative Law Judge ("ALJ").  Tr. 134-35.  Peterson appeared before ALJ Richard Say at the hearing held on May 1, 2012.  Tr. 28-60.  On May 18, 2012, the ALJ issued a decision finding Peterson not disabled.  Tr. 13-22.  The Appeals Council denied Peterson's subsequent request for review on June 25, 2013 (Tr. 1-3), making the ALJ's decision the final Agency decision.  This appeal followed.

## BACKGROUND

Born in 1973, Peterson was a "younger individual" at the time of his filing.  Tr. 20. He completed high school by earning a "certificate of attainment" and has past work experience as a gas station attendant and small products assembler.  Tr. 20, 33, 215-22, 227-30.

## DISABILITY ANALYSIS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 USC § 423(d)(1)(A).  The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  20 CFR §§ 404.1520, 416.920; *Tackett v. Apfel*, 180 F3d 1094, 1098-99 (9th Cir 1999).

---

[1] Citations are to the page(s) indicated in the official transcript of the record filed on December 9, 2013 (docket #13).

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If so, the claimant is not disabled. 20 CFR §§ 404.1520(a)(4)(i) & (b), 416.920(a)(4)(i) & (b).

At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the 12-month durational requirement. 20 CFR §§ 404.1520(a)(4)(ii) & (c), 416.909, 416.920(a)(4)(ii) & (c). Absent a severe impairment, the claimant is not disabled. *Id*.

At step three, the ALJ determines whether the severe impairment meets or equals an impairment "listed" in the regulations. 20 CFR §§ 404.1520(a)(4)(iii) & (d), 416.920(a)(4)(iii) & (d); 20 CFR Pt. 404, Subpt. P, App. 1 (Listing of Impairments). If the impairment is determined to meet or equal a listed impairment, then the claimant is disabled.

If the adjudication proceeds beyond step three, the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite the limitations imposed by his or her impairments. 20 CFR §§ 404.1520(e), 416.920(e); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996).

At step four, the ALJ uses the RFC to determine if the claimant can perform past relevant work. 20 CFR §§ 404.1520(a)(4)(iv) & (e), 416.920(a)(4)(iv) & (e). If the claimant cannot perform past relevant work, then at step five, the ALJ must determine if the claimant can perform other work in the national economy. *Bowen v. Yuckert*, 482 US 137,

142 (1987); *Tackett*, 180 F3d at 1099; 20 CFR §§ 404.1520(a)(4)(v) & (g), 416.920(a)(4)(v) & (g).

The initial burden of establishing disability rests upon the claimant. *Tackett*, 180 F3d at 1098. If the process reaches step five, the burden shifts to the Commissioner to show that jobs exist in the national economy within the claimant's RFC. *Id*. If the Commissioner meets this burden, then the claimant is not disabled. 20 CFR §§ 404.1520(a)(4)(v) & (g), 416.920(a)(4)(v) & (g), 416.960(c).

## ALJ'S FINDINGS

At step one, the ALJ found that Peterson had not engaged in substantial gainful activity after June 30, 2008. Tr. 15. At step two, the ALJ found that Peterson had the severe impairments of Asperger's disorder, depressive disorder, attention deficit hyperactivity disorder (ADHD), learning disorder, and anxiety disorder. *Id*. At step three, the ALJ found that Peterson did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 15-16.

The ALJ next assessed Peterson's residual functional capacity ("RFC") and determined that he could perform a full range of work at all exertional levels, with the following limitations: he has very limited ability to read, write, and use numbers; he can perform unskilled, routine tasks; he can have superficial interaction with coworkers, no interaction with the general public, and only minimal interaction with supervisors; and he would do best working independently. Tr. 17. At step four, the ALJ found Peterson could not perform any of his past relevant work. Tr. 20. At step five, based on the testimony of a vocational expert ("VE"), the ALJ determined that Peterson could perform jobs that exist in

significant numbers in the national economy, including hand packager and laundry laborer.

Tr. 20-21.  The ALJ therefore concluded that Peterson is not disabled.  Tr. 21-22.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record.  42 USC § 405(g); *Lewis v. Astrue*, 498 F3d 909, 911 (9th Cir 2007).  This court must weigh the evidence that supports and detracts from the ALJ's conclusion.  *Lingenfelter v. Astrue*, 504 F3d 1028, 1035 (9th Cir 2007), citing *Reddick v. Chater*, 157 F3d 715, 720 (9th Cir 1998).  The reviewing court may not substitute its judgment for that of the Commissioner.  *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F3d 1194, 1205 (9th Cir 2008), citing *Parra v. Astrue*, 481 F3d 742, 746 (9th Cir 2007); *see also Edlund v. Massanari*, 253 F3d 1152, 1156 (9th Cir 2001).  Where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "'supported by inferences reasonably drawn from the record.'"  *Tommasetti v. Astrue*, 533 F3d 1035, 1038 (9th Cir 2008), quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F3d 1190, 1193 (9th Cir 2004); *see also Lingenfelter*, 504 F3d at 1035.

## DISCUSSION

Peterson asserts that the ALJ erred by: (1) failing to find that he meets Listing 12.05C; (2) failing to include all of his limitations in the RFC; and (3) rejecting his subjective symptom testimony.  Because the ALJ erred at step three by failing to find that Peterson meets Listing 12.05C, this case is reversed and remanded for the immediate payment of benefits.

Peterson first argues that the ALJ erred by failing to find him presumptively disabled at step three under Listing 12.05C due to his intellectual disability. The "Listing of Impairments" generally describes impairments that are so severe as to be considered presumptively disabling, without further consideration of a claimant's RFC, past relevant work, or other jobs. 20 CFR §§ 404.1520(d), 416.920(d). A diagnosis of a listed impairment is not sufficient; the claimant must also satisfy the findings shown in the listing of that impairment. *Young v. Sullivan*, 911 F2d 180, 184 (9th Cir 1990). A claimant has the burden to establish that he or she meets or equals the criteria for a listed impairment based on medical evidence. *Burch v. Barnhart*, 400 F3d 676, 683 (9th Cir 2005); *Tackett*, 180 F3d at 1100.

Listing 12.05C for an "intellectual disability" is met when a claimant demonstrates:

> significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period … [and]
>
> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 CFR pt. 404, subpt. P, app. 1 § 12.05C.

The ALJ did not explicitly consider whether Peterson has an impairment that meets Listing 12.05C, but nevertheless found that he does not meet or equal any of other listed impairments. Tr. 15-16. Peterson challenges this finding, arguing that he meets the criteria in Listing 12.05C because he has Asperger's disorder, attended special education classes, reads and writes "like a 6 year old," and has a Verbal IQ score of 68. Tr. 33, 53, 328, 330, 436.

The Commissioner responds by arguing that Peterson does not meet Listing 12.05C because he was never formally diagnosed with an intellectual disability (formerly known as mental retardation).  Tr. 330.  Instead, he was diagnosed by examining psychologist Robert A. Kruger, Psy.D., on June 19, 2010, with borderline intellectual functioning.  Tr. 324-30. [2] Accordingly, the Commissioner contends that he lacks the requisite deficits in adaptive functioning as required by the introductory paragraph of Listing 12.05.  This court disagrees.

First, the fact that Peterson was not diagnosed with intellectual disability *per se* does not absolve the ALJ from considering whether he meets Listing 12.05 where the record contains medical evidence that mirrors the diagnostic description in the introductory paragraph and one of the criteria set forth in parts A through D.  *See Pedro v. Astrue*, 849 F Supp2d 1006, 1010 (D Or 2011); *see also Glenn v. Colvin*, No. 3:12-cv-00886-AA, 2013 WL 3046871 (D Or June 11, 2013) (a specific diagnosis of mental retardation is not required to meet Listing 12.05 and circumstantial evidence can be used to support finding subaverage intellectual functioning and adaptive deficits); *Harmon v. Astrue*, No. 6:12-cv-00365-TC, 2013 WL 5874575, at *5-6 (D Or Oct. 30, 2013) (same).

Second, Peterson presented circumstantial evidence to satisfy the three prongs of the criteria in part C of Listing 12.05.  As stated by Judge Marsh in *Pedro*, Listing 12.05C can be satisfied if the claimant shows:  (i) evidence of adaptive functioning deficits that exist prior to age 22, such as "attendance in special education classes, . . . difficulties in reading, writing or math, and low skilled work history;" (ii) a valid verbal, performance or full scale IQ score between 60 and 70; and (iii) "a physical or mental impairment imposing an

---

[2] This diagnosis was reaffirmed by nonexamining psychologists Sandra Lundblad, Psy.D., and Kordell Kennemer, Psy.D.  Tr. 66-67, 79-80, 95-96, 107-08.

additional and significant work-related limitation of functioning," such as a severe impairment at step two of the disability analysis. *Pedro*, 849 F Supp2d at 1011-12, 1014, 1015.

Peterson presented evidence to satisfy all three prongs. First, he attended special education classes and received only a "certificate of attainment" upon completion of high school. Tr. 33, 229; *see Glenn*, 2013 WL 3046871, at *3. Peterson also testified that he has great difficulty reading and writing. Tr. 53. Peterson thus provided evidence of adaptive functioning deficits prior to age 22 to satisfy the first prong.

Second, Peterson has a valid Verbal IQ score of 68. Tr. 329. Peterson's IQ was assessed by clinical psychologist Dr. Kruger who extensively evaluated Peterson's mental functioning and wrote a very detailed assessment. Tr. 324-30. Dr. Kruger's assessment of Peterson's verbal IQ satisfies the second prong.

Third, the ALJ found that Peterson has the severe impairments of Asperger's disorder, depressive disorder, ADHD, learning disorder, and anxiety disorder. Tr. 15. "[I]if an ALJ finds an impairment to be 'severe' at step two of the disability analysis, 'that impairment necessarily has more than a slight or minimal effect on claimant's ability to perform basic work activities.'" *Pedro*, 849 F Supp2d at 1015 (quotation and citations omitted). In *Glenn*, Judge Aiken found that a claimant's severe impairments of ADHD, generalized anxiety disorder, and borderline intellectual functioning satisfied the third prong of Listing 12.05C. *Glenn*, 2013 WL 3046871, at *4. Accordingly, Peterson's similar severe impairments impose significant work-related limitations of function which satisfies the third prong.

In sum, because Peterson has presented circumstantial evidence sufficient to meet Listing 12.05C, he is presumptively disabled under the Act. Thus, the ALJ's failure to find that Peterson met Listing 12.05C due to his combined impairments was harmful error. *See Molina v. Astrue*, 674 F3d 1104, 1115-17 (9th Cir 2012). As there are no outstanding issues that must be resolved before a determination of disability can be made, no further proceedings are necessary. *Lester v. Chater*, 81 F3d 821, 834 (9th Cir 1995) (remanding for payment of benefits because plaintiff met or equaled a listing at step three).

## CONCLUSION

For the reasons discussed above, the Commissioner's decision that Peterson is not disabled is REVERSED AND REMANDED pursuant to Sentence Four of 42 USC § 405(g) for the immediate payment of benefits.

DATED this 7th day of August, 2014.

s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge